By the Court. Bosworth, J.
Even if it be assumed that the transaction between Bartlett and Sackett & Wicker was legal, so that the endorsement was a valid contract, and security in the hands of Bartlett, to the extent of any claim of the latter growing out of the transactions in relation to his contracts to buy and sell Erie stock, it does not appear that he has any such claim against either Wicker or Sackett.
Certainly, nothing is shown which would entitle Bartlett, if plaintiff, to a verdict for the amount of the note: as it does not appear that he has sustained actual loss on his contract to purchase, or on his contract to sell Erie stock, or that there is any actual liability resting upon him, by reason of either of said contracts.
. On such evidence, the defendant would be entitled to a verdict, if Bartlett were the plaintiff in this action. As the transfer of the *617 bill by Bartlett to the plaintiff, under such circumstances, would operate as a fraud upon the defendant, if the plaintiff is permitted to collect it, the latter, in order to recover, must show that he took it in the usual course of business, before maturity, and paid value for it.
The testimony of Frungen, when carefully examined, amounts to only this: From seeing this bill “ in a batch of other notes, in a place in Bartlett’s office where the plaintiff usually kept his securities,” he believed, and had no doubt, and therefore stated as his conclusion from such premises, that the plaintiff had advanced, on this and other collaterals, more than the amount of the bill in question.
He states expressly, that he had no other means of knowledge than those already stated, and that he did not see any money paid or advanced on the bill in question, and that he does not know when he saw it in the place where the plaintiff usually kept his securities.
We think, that on such evidence the defendant was entitled to a nonsuit, on the ground that the plaintiff had failed to prove that he paid value for the bill; and that for the refusal of the Court to grant such motion, the judgment should be reversed, and a new trial granted, with costs to abide the event. (Clark v. Dearborn, 6 Duer, 309, 312.)
Ordered accordingly.